**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————————

No. 03-40548
Summary Calendar

————————————————————

JORGE ALVAREZ

Plaintiff - Appellant

v.

RON ENGLAND, Camp County Deputy Sheriff

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-184
--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:*

Jorge Alvarez appeals from the district court's summary-judgment dismissal of his 42 U.S.C. § 1983 action against Ronald England, a former deputy sheriff of Camp County, Texas. Alvarez asserts that England violated the Fourth Amendment by applying excessive, objectively unreasonable force against him, thereby causing him injury. Alvarez further argues that England is not protected by qualified immunity.

——————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alvarez was a passenger in a vehicle that was frequently driven by Valentin Aguirre, an individual with an extensive criminal history which included assault and weapons violations. The police believed that Aguirre might be in possession of firearms and illegal narcotics. Alvarez did not comply with the police officers' orders to remain in the vehicle, and once he was out of the car, to get on the ground. England could recognize Aguirre and knew that Alvarez was not Aguirre. However, because the windows of the vehicle were tinted, the police could not see if Aguirre was hidden in the car or if the occupants of the car possessed weapons. Under those circumstances, it was objectively reasonable for a police officer to believe that Alvarez posed a serious danger to the officers and the public when he appeared to head back into the car and it was objectively reasonable for a police officer to apply non-deadly force to gain control over the situation. This court is not to employ "the 20/20 vision of hindsight," but must consider "the fact that police officers are often forced to make split second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." See Graham v. Connor, 490 U.S. 386, 396-97 (1989). Because no reasonable fact-finder could conclude that England's use of force was unreasonable and excessive, this court need not decide whether England is entitled to qualified immunity.

The district court did not err in awarding summary judgment to England.

AFFIRMED.